IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs. Case Nos.: 1:90cr1006/MW/GRJ
1:16cv222/MW/GRJ

JOHNNY SALAZAR STUART

---

**REPORT AND RECOMMENDATION**

Petitioner has filed a pro se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 119) contending that he is entitled to sentencing relief under *Johnson v. United States*, 135 S. Ct. 2251 (2015). The Government responded and filed supplemental authority (ECF Nos. 124, 129) and Petitioner has filed a reply and supplemental argument. (ECF Nos. 126, 130.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, the court concludes that the Petitioner's motion should be denied without an evidentiary hearing. *See* Rules 8(a) and (b) Governing Section 2255 Cases.

## BACKGROUND

Petitioner was convicted by a jury of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). His Presentence Investigation Report ("PSR") reflects that he had a total offense level of 24 and a criminal history category of VI before the application of the Sentencing Guidelines' Chapter Four enhancements. (ECF No. 120, PSR ¶¶ 14-21, 27-29.) However, because Petitioner was classified as a career offender under the § 4B1.1 of the Sentencing Guidelines, his offense level became 34. (PSR ¶¶ 30-32.) The applicable guidelines range was 262 to 327 months, and the statutory maximum term of imprisonment was 25 years (300 months). (PSR ¶¶ 46, 47.) On October 5, 1990, the court sentenced him to the statutory maximum term of 300 months' imprisonment. (ECF No. 1.) The Eleventh Circuit affirmed and the Supreme Court denied certiorari in April of 1992. (ECF No. 1.)

Petitioner now claims that he is entitled to resentencing without the career offender adjustment based on the Supreme Court's 2015 decision in *Johnson*.

## ANALYSIS

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. Typically, the one-year time period runs from the date on which the judgment of conviction becomes final, which would render Petitioner's motion untimely. 28 U.S.C. § 2255(f)(1). However, Petitioner asserts that he is entitled to proceed under 28 U.S.C. § 2255(f)(3), which provides that the one-year limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is retroactive on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). Notably, however, Petitioner was not sentenced under the ACCA, but rather under the career offender provision of the then-mandatory sentencing guidelines. Thus, *Johnson* has no bearing upon his case and does not excuse his untimely filing.

To the extent Petitioner contends that the holding in *Johnson* should be extended to the sentencing guidelines, his claim is foreclosed by *Beckles v. United States*, 137 S. Ct. 886 (2017) in which the Supreme Court declined to extend the reasoning in *Johnson* to the advisory sentencing guidelines. The Supreme Court has not recognized a right not to have one's guidelines range calculated under an allegedly vague provision. *See Beckles,* 137 S. Ct. at 903, n.4 (Sotomayor, J. concurring) (noting that whether defendant's sentence to terms of imprisonment under the mandatory guidelines regime could mount vagueness attacks on their sentences remained an open question).

The Eleventh Circuit had held, prior to *Beckles,* that mandatory sentencing guidelines are not subject to due process challenges because they do not define illegal conduct or fix the range of sentences, but rather they are designed "to assist and limit the discretion of the sentencing judge." *In re Griffin*, 823 F. 3d 1350, 1354 (11th Cir. 2016). *Beckles* did not disturb this holding.[1]

---

[1] The Government also argues that any due process challenge Petitioner might seek to raise to the guidelines would fail as it was applied to him because his prior convictions—for burglary—were listed in the authoritative commentary to the guidelines. (ECF No. 129 at 2.)

## Conclusion

Based on the foregoing, there is little question that Petitioner's motion to vacate, set aside or correct his sentence pursuant to § 2255 is untimely. It should be denied and dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 119) should be **DENIED and DISMISSED as untimely**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 13th day of March, 2019.

s/ Gary R. Jones
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.